IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMSEY RANDALL, | : | |
| Plaintiff, | : | 1:16-cv-0645 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| PRIMECARE MEDICAL, INC., | : | |
| ASHLEY KEEFER, | : | |
| Defendants. | : | |

## MEMORANDUM

### November 8, 2016

Plaintiff, Ramsey Randall ("Randall"), an inmate who at all times relevant was incarcerated at the Franklin County Prison, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, on April 18, 2016. (Doc. 1). Named as Defendants are PrimeCare Medical, Inc. ("PrimeCare") and Ashley Keefer ("Keefer").

Presently pending is Defendants' motion (Doc. 20) to dismiss Randall's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On July 14, 2016, Randall was ordered to file a brief in opposition to the motion in accordance with Local Rule of Court 7.6, on or before July 28, 2016. (Doc. 23). He was cautioned that his failure to file an opposition brief would result in the motion being deemed unopposed. Randall has failed to comply with the order. As such, Defendants' motion is deemed unopposed and, for the reasons set forth below, will be granted.

I. **STANDARD OF REVIEW**

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x , 454, 456 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also*

28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; Fed. R. Civ. P. 8(a)(2).

## II.   ALLEGATIONS OF THE COMPLAINT

Randall alleges that Defendant Keefer "violated [his] personal privacy rights by allowing c/o's to view [his] medical reason for refusing [his] psychotropic medication on multiple incidents without cause." (Doc. 1, p. 2). He contends that Keefer has intentionally provoked and instigated officers to invoke forms of punishment that are not included in the inmate policy. He further alleges that over the course of several months, Keefer continuously harassed him and addressed him "unprofessionally with foul language." (*Id.*)

He claims that these actions violated his right to equal protection and his right to privacy, constituted deliberate indifference to his serious medical needs, and amount to medical negligence. (*Id.*) He seeks monetary and injunctive relief. (*Id.*)

With regard to administrative exhaustion, he alleges that he "tried multiple remedies within the jail and also with Prime Care Medical Privacy Officer Sandra Ulerick with no assistance given." (*Id.*) He attaches "sixteen pages of exhibits

documenting PLRA exhaustion to the extent of reporting each incident." (*Id.* at 2, 4-26).  The exhibits include copies of Franklin County Jail Inmate Grievances 15-01633, filed on December 19, 2015, and Grievance 16-00020, filed on January 7, 2016, grieving, *inter alia*, the manner in which Defendant Keefer handled his refusal of medication. (*Id.* at 8).  He received responses to the grievances on January 8, 2016, and January 25, 2016, respectively.  (*Id.* at 10, 17).  He did not appeal the denial of the grievances to Step 2, the Deputy Warden, or Step 3, the Warden.  (*Id.*)

Also attached to the complaint are the following documents:  1. Letter to Ulerick dated January 27, 2016 letter to Ulerick; 2. Sick call request dated April 5, 2016; 3.  Two grievances unrelated to the allegations contained in the complaint; 4.  Unit Action Notification of discipline dated July 1, 2016; and, 5. Portions of the Inmate Handbook related to Medical Services.  (*Id.* at 4-7, 11-14, 18-25).

## III. <u>DISCUSSION</u>

Randall brings this civil rights action pursuant to 42 U.S.C. § 1983.  Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

>deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants move to dismiss the complaint on the grounds that Randall failed to fully exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act of 1996 (the "PLRA") "mandates than an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust– irrespective of 'special circumstances.'" *Id.* "And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account. *See Miller v. French*, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (explaining

that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion")." *Id.* at 1856-57

Significantly, "the PLRA contains its own, textual exception to mandatory exhaustion," *i.e.* the PLRA requires exhaustion of "available" administrative remedies. *Id.* at 1858. "Available" is defined as "capable of use for the accomplishment of a purpose" and that which "is accessible or may be obtained." *Id.* at 1858-59, quoting *Booth v. Churner*, 532 U.S. 731, 737-38 (2001). There are three instances in which administrative remedies are unavailable. "First, as *Booth* made clear, an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end– with officers unable or consistently unwilling to provide relief to aggrieved inmates." *Id.* at 1859. "Next an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjunctive system can function

effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[ ] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' " *Id.* at 93 (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002).). The requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." *Woodford*, 548 U.S at 83; *see also Spruill v. Gillis*, 372 F.3d 218, 228–29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 211–212 (2007).

Finally, whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Small v. Camden County*, 728 F.3d. 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

Based on the documents attached to the complaint, it is clear that the Franklin County Jail has a three-step administrative remedy procedure. The first

step requires grievances to be filed with the Correctional Treatment Specialist within five days after a "potential grievable event" has occurred. (Doc. 1, pp. 8-9). A response to the grievance is due within ten business days. (*Id.* at 9). Step 2 requires an appeal to the Deputy Warden, to which the Deputy Warden must respond within ten business days, and Step 3 requires an appeal to the Warden, which also requires a response within ten business days. (*Id.*)

It is clear from the documents attached to the complaint that Randall commenced the administrative review process with regard to his claims against Defendant Keefer. However, it is equally clear that he failed to pursue the process to final review.

In Grievance 15-01633, Randall complained that Defendant Keefer acted unprofessionally, violated his constitutional rights to refuse medication, and harassed him with threats of disciplinary action and misconduct in retaliation for refusing medication. (*Id.* at 8). Randall received the following response on January 8, 2016: "Your medical record was reviewed in response to your grievance received. You claim your constitutional rights have been violated due to being required to sign a medical refusal when refusing medication. Mr. Lensbower and Ms. Campbell met with you on January 8, 2016, and addressed your concerns. As explained in that meeting, you have the right to refuse medications. Disrespectful behavior and/or behavior that interferes with the functioning [of] the

facility will be addressed by security and is not related to medical functions. If you have any further medical or mental health concerns, please feel free to submit a sick call slip, the process for which can be found in you inmate handbook." Steps 2 and 3 of the grievance form are blank. This is a clear indicator that no further action was taken on this grievance. (Doc. 1, p. 10).

In Grievance 16-00020, among other things, Randall complained that an officer and Defendant Keefer retaliated against him for exercising his constitutional right to refuse medication. (*Id.* at 15). Pertinent portions of the response to Grievance 16-00020 are as follows: "Mr. Lensbower and Mrs. Campbell met with you on January 8, 2016, and addressed your concerns. As explained in that meeting, you have the right to refuse your medications. Disrespectful behavior and/or behavior that interferes with the functioning of the facility will be addressed by security and is not related to medical functions. In addition, your concerns were reviewed and addressed by the provider. The medication being provided did not cause the sensations of which you were complaining. Again, you have the right to refuse medication, which requires documentation *via* a refusal form." (*Id.* at 17). Steps 2 and 3 are blank, which clearly demonstrates that Randall failed to pursue this grievance beyond the initial step. Because an appeal of the denial of the initial grievances lodged against Keefer would now be time-barred, Randall's claims against Keefer are

procedurally defaulted. *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004) (holding that the PLRA's exhaustion requirement contains a procedural default component).

Randall did not file a single grievance against PrimeCare. Consequently, he wholly failed to exhaust his administrative remedies with respect to this Defendant. Moreover, any attempt to now pursue administrative review is time-barred and, as such, the claims against PrimeCare are also procedurally defaulted. *See Spruill*, 372 F.3d at 230.

## IV. <u>CONCLUSION</u>

Based on the foregoing, Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted based on Plaintiff's failure to exhaust his administrative remedies. An appropriate Order follows.